UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JOSEPH LEE SKIDMORE, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:08-CV-45 |
| v. ) | *Lee* |
| ) | |
| BOILERMAKER-BLACKSMITH ) | |
| NATIONAL PENSION TRUST d/b/a, ) | |
| a/k/a BOILERMAKERS NATIONAL ) | |
| FUNDS, and LORRIE ANN ANDREWS ) | |
| a/k/a LORRIE ANN DAVIS, ) | |
| ) | |
| Defendants. ) | |

_____

BOARD OF TRUSTEES OF THE )
BOILERMAKER-BLACKSMITH )
NATIONAL PENSION TRUST and )
THE BOILERMAKERS NATIONAL )
ANNUITY TRUST, )
)
    Counterclaimants, )
)
)
JOSEPH LEE SKIDMORE, )
LORRIE ANN ANDREWS a/k/a )
LORRIE ANN DAVIS, and )
ALEASA ISAAC, )
)
    Counterdefendants. )

## **MEMORANDUM AND ORDER**

### I.    Introduction

Plaintiff/Counterdefendant, Joseph Lee Skidmore ("Skidmore"), brought this action for a declaratory judgment pursuant to the Employee Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§ 1001, *et seq.*, against Defendants, Boilermakers-Blacksmith National Pension Trust d/b/a, a/k/a Boilermakers National Funds (collectively the "Boilermakers") and Defendant/Counterdefendant Lorrie Ann Andrews a/k/a Lorrie Ann Davis ("Andrews-Davis") [Doc. 1 & 11]. Before the Court is Skidmore's motion for a judgment by default against Alesea Isaac ("Isaac") under Fed. R. Civ. P. 55(b) [Doc. 62]. As announced during the hearing held with respect to the default judgment and for the reasons set forth below, the motion for a judgment by default against Isaac will be **GRANTED**.

## II. Background

The complaint, as amended, alleges the following: Skidmore is the son of William Glenn Davis ("Davis"), who as a member of a trade union, the Boilermakers, had an ERISA annuity plan (the "Annuity Plan") and a pension plan (the "Pension Plan") [Doc. 11 at 2]. Davis died on March 8, 2007 [*id.*]. On or about May 13, 1994, Davis and Andrews-Davis were married in Elgin (Kane County), Illinois, and briefly lived together as husband and wife until Andrews-Davis abandoned Davis [*id.* at 2-3]. In October 1995, Andrews-Davis married David Jeffrey Andrews ("Andrews") in Leon County, Florida, and Andrews and Andrews-Davis lived together as husband and wife for at least 10 years, with Andrews-Davis holding herself out as Lorrie Ann Andrews. [*id.*]. Since the death of Davis, Andrews-Davis has fraudulently held herself out as the rightful beneficiary of Davis' benefits under the Annuity Plan and the Pension Plan and has changed her name to Lorrie Ann Davis [*id.*]. Skidmore is the sole and rightful beneficiary of Davis' accrued benefits under the Annuity Plan and Pension Plan, but the Boilermakers have wrongfully made distributions to Andrews-Davis from the Annuity Plan and/or Pension Plan [*id.* at 3-4]. Skidmore seeks a declaration of the rights of the parties under the Annuity Plan and Pension Plan and, specifically, seeks a declaration that he

2

is the rightful beneficiary and/or next-of-kin of Davis under the Annuity Plan and Pension Plan [*id.* at 5-6].

The Boilermakers and Counterclaimants, the Board of Trustees of the Boilermaker-Blacksmith National Pension Trust (the "Pension Trust") and the Board of Trustees of the Boilermaker National Annuity Trust (the "Annuity Trust"), have filed a counterclaim, as amended, for interpleader under Fed. R. Civ. P. 22 (1) seeking a determination, under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a), of the rightful beneficiary, or beneficiaries, entitled to the proceeds of the death benefits under the Annuity Plan and the Pension Plan, which are administered by the Annuity Trust and the Pension Trust, respectively [Doc. 16 at 2]. In their counterclaim, the Annuity Trust and Pension Trust allege the Annuity Plan and Pension Plan are governed by separate written plan documents and that:

> [u]nder the Terms of each respective Plan, pension and annuity death benefits are payable to the surviving spouse of participants in each Plan upon the death of the participant. If no surviving spouse exists at the time of the participant's death, then each Plan also provides for an order of distribution of the death benefits, which includes surviving children of the participant.

[*Id.* at 3, ¶ 7].

In their counterclaim for interpleader, the Annuity Trust and Pension Trust allege the following: Davis was a participant in both the Annuity Plan and Pension Plan and, after being notified of his death, they took steps to determine the identities of Davis' beneficiaries and/or the proper recipients of his accrued benefits under the Annuity Plan and Pension Plan [*id.* at 3-4]. The Annuity Trust and/or Pension Trust eventually determined Davis was survived by a legal spouse, namely, Andrews-Davis and neither the Annuity Trust nor the Pension Trust had been provided with any evidence that there had ever been a legal dissolution of the marriage between Davis and

3

Andrews-Davis [*id.* at 4, ¶ 10]. Therefore, pursuant to the terms of the Annuity Plan and the Pension Plan, the Annuity Trust and Pension Trust determined Andrews-Davis was the proper beneficiary of Davis' death benefits under both plans but that if Andrews-Davis was not the surviving legal spouse of Davis, the plan documents of both the Annuity Plan and the Pension Plan required Davis' death benefits under the plans to be paid to Davis' surviving children [*id.* at 11]. Counterdefendants Skidmore and Isaac are the only individuals who claim to be a surviving child of Davis [*id.* at ¶ 12]. Thus, if Andrews-Davis is not the surviving legal spouse of Davis and if either Skidmore or Isaac is a surviving legal child of Davis, then Skidmore, Isaac or both are entitled to Davis' death benefits from the Annuity Plan and the Pension Plan [*id.*]. In order to avoid payment of Davis' death benefits to the wrong beneficiary and to avoid duplicate payments of Davis' death benefits, the Annuity Trust and Pension Trust sought a declaratory order adjudging the proper person or persons to receive Davis' death benefits from the Annuity Plan and Pension Plan [*id.* at 4, ¶ 13 & 5].

On March 23, 2009, Skidmore moved for an entry of default against Isaac pursuant to Fed. R. Civ. P. 55(a) [Doc. 50]. The Clerk entered a default against Isaac under Rule 55(a) on April 16, 2009 [Doc. 59]. Although Skidmore moved for a judgment by default against Isaac under Rule 55(b) on April 21, 2009, and timely notice was provided to Isaac of the hearing, Isaac did not respond to Skidmore's motion.

A hearing was held on the motion for a default judgment on May 12, 2009. Present at the hearing were: (1) attorney Katherine Higgason Lentz ("Lentz") for Skidmore, (2) attorney Mark D. Hackett for Andrews-Davis, and (3) attorney Marya L. Schalk for the Pension Trust and Annuity

4

Trust. Isaac did not appear and was not represented at the duly-noticed hearing.[1] The parties at the hearing relied upon the evidence of record and no additional evidence was presented during the hearing.

**III.   Analysis**

Entry of default judgment against a party establishes liability as a matter of law. *United States v. Conces*, 507 F.3d 1028, 1038 (6th Cir. 2007). In evaluating a motion for default judgment, the Court takes all well-pleaded facts related to liability in the complaint as true. However, if a claim is legally insufficient, a defaulting party may not be held liable. 10 Moore's Federal Practice § 55.32 (2007).

Skidmore has made no allegations against Isaac in either his complaint or his amended complaint [Doc. 1-1 & 11]. However, in their complaint for Interpleader, the Annuity Trust and Pension Trust allege:

> 11. If Counterdefendant Andrews/Davis is not the surviving legal spouse of . . . Davis, then the respective Plans require a distribution of the death benefit to the surviving children of . . . Davis.
>
> 12. Counterdefendants . . . Skidmore and . . . Isaac are the only persons known to either the Pension Trust or the Annuity Trust who claim to be a surviving child of . . . Davis. Thus, if Counterdefendant Andrews/Davis is not the surviving legal spouse of . . . Davis, and further, if either Counterdefendants . . . Skidmore or . . . Isaac, or both, is/are the surviving legal child(ren) of . . . Davis, then Counterdefendants . . . Skidmore and/or . . . Isaac would be entitled to receive payment of . . . Davis' death benefits from the Pension Trust and the Annuity Trust.

[Doc. 16 at 4].

---

[1] All of the parties, except for Isaac, appeared at the final pretrial conference on April 28, 2009.

Attached to Skidmore's motion for a default judgment against Isaac is the declaration of Lentz, which states, in pertinent part:

> 2. The Counterclaimants, Boards of Trustees of the Boilermaker-Blacksmith National Pension Trust and The Boilermakers National Annuity Trust, filed an Amended Counterclaim for Interpleader [Court Doc. #16] on July 9, 2008 and service of process was had on the Counterdefendant Aleasa Isaac on February 8, 2009.
>
> 3. More than twenty (20) days have elapsed since the Counter Defendant Aleasa Isaac was served, no response has been served within the time allowed by law nor has the Counter Defendant sought additional time within which to respond, and Default has entered against the defendant.
>
> 4. The claim of Plaintiff and Counter Defendant Joseph Lee Skidmore is that he is entitled to the death benefits of his father, Mr. William Glen Davis, under Mr. Davis' Boilermakers annuity and pension as the sole beneficiary of Mr. Davis, to the exclusion of Counter Defendant Aleasa Isaac.

[Doc. 62-1 at 2]. Skidmore filed a supplemental affidavit from Lentz concerning his motion for a default judgment against Isaac, which states, in pertinent part:

> 5. Counter Defendant Isaac is neither an infant nor an incompetent individual.
>
> 6. Counter Defendant Isaac is not in active military service.
>
> 7. Notice has been served on Counter Defendant Isaac.

[Doc. 66 at 2].

### A. Entry of a Judgment by Default under Rule 55(b)

Obtaining a default judgment is a two-step process: (1) the party seeking a default judgment first files a motion for entry of default by demonstrating that the opposing party has failed to answer

6

or otherwise respond to the complaint, and (2) once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party. *Keesh Construction, Inc. v. United States,* No. 1:02-CV-899, 2004 WL 2536840, *1 n.1 (S.D. Ohio Sep. 28, 2004) (citing Fed. R. Civ. P. 55). Rule 55(b) provides that the clerk may enter a judgment by default when the plaintiff's claim is for a sum certain or for a sum which can be computed with certainty and the defendant has been defaulted for failure to appear and is neither an infant nor incompetent. *Palladino v. General Crushed Stone Co.*, No. 96-CV-1355, 1997 WL 67792, *1 (N.D.N.Y. Feb. 13, 1997) (citing Fed. R. Civ. P. 55(b)). In all other cases, the party seeking a judgment by default must apply to the court for entry of a default judgment under Fed. R. Civ. P. 55(b)(2). *Id.*

In this instance, Isaac arguably entered an "appearance" in this action by consenting to the exercise of jurisdiction by the magistrate judge pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 73 [Doc. 63] and by providing an affidavit in relation to the parties' summary judgment motions to Andrews-Davis [Doc. 51-1 at 4]. In her affidavit, Isaac acknowledges she was served with the summons and amended complaint for interpleader [*id.* at 1, ¶ 1]. Paragraphs eight and nine of Isaac's affidavit reveals she did not provide the affidavit for the purpose of asserting a claim to Davis' accrued death benefits under either the Pension Plan or Annuity Plan. Rather, Isaac's position, as expressed in paragraphs eight and nine of her affidavit, is that Andrews-Davis is entitled to Davis' accrued death benefits under the Annuity Plan and Pension Plan [*id.*].

As Isaac arguably entered an appearance, a judgment by default must be entered by the Court under Fed. R. Civ. P. 55(b)(2), which states in pertinent part:

> If the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.

7

The party seeking a judgment by default must establish the following:

> (1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in military services such that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice has been served on the defaulting party, if required by Fed. R. Civ. P. 55(b)(2).

*Disney Enterprises v. Farmer*, 427 F. Supp. 2d 807, 815 (E.D. Tenn. 2006) (citing *Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005)). Lentz's affidavit and supplemental affidavit in support of Skidmore's motion for a default judgment satisfy these requirements. Moreover, as noted, Isaac was given notice of the hearing on Skidmore's motion as required by Rule 55(b)(2) [Doc. 67], but neither Isaac nor any representative of Isaac appeared at the May 12, 2009 hearing.

As Skidmore has satisfied his burden of showing he is entitled to an entry of judgment by default against Isaac pursuant to Fed. R. Civ. P. 55(b)(2), Skidmore's motion will be **GRANTED** with entry of a judgment as set forth below.

    **B**.    **Impact of Judgment by Default under Rule 55(b)**

Ordinarily, "[a] defaulting party 'is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated.'" *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62-63 (1st Cir. 2002) (quoting *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n.3 (1st Cir. 1999)). As a result of the default, the factual allegations of the complaint relating to liability are taken as true. *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319, 1323 (7th Cir. 1983). For purposes of entering a default judgment "well-pleaded factual allegations are sufficient to establish a defendant's liability."

8

*National Satellite Sports, Inc. v. Mosley Entertainment, Inc.*, No. 01-CV-74510-DEFENDANT, 2002 WL 1303039, *3 (E.D. Mich. May 21, 2002).

As noted, Skidmore has not asserted a claim against Isaac in either his complaint or his amended complaint. However, the Annuity Trust and Pension Trust have filed a complaint in interpleader asserting that if Andrews-Davis is not entitled to Davis' accrued benefits under the Annuity Plan and Pension Plan, then Skidmore and/or Isaac would be entitled to Davis' accrued benefits under the aforementioned plans as Davis' surviving child or children. Addressing a similar issue of a default as the result of a defendant's failure to answer a complaint in interpleader, the court in *Federal. Ins. Co. v Adams*, No. 05-cv-00965-MSK-CBS, 2007 WL 1456103 (D. Colo. May 15, 2007), held:

> It has been held that the failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted. A default judgment entered against an interpleader defendant thus terminates that party's interest in the fund at issue.

*Id.* at *7 (internal citations and quotation marks omitted). *See also SunLife Assur. of Canada, (U.S.) v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I.) 2006) ("A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted.").

Thus, the Court finds the complaint in interpleader filed by the Annuity Trust and Pension Trust states a claim against Isaac and Isaac's default, as the result of her failure to respond to the interpleader complaint, forfeits any claim by Isaac as a surviving child to Davis' accrued death benefits under either the Annuity Plan or the Pension Plan.

9

## IV. Conclusion

The Court **FINDS** the complaint in interpleader filed by the Annuity Trust and Pension Trust states a claim against Isaac and Isaac's default, as the result of her failure to respond to the interpleader complaint, forfeits any claim by Isaac as a surviving child to Davis' accrued death benefits under either the Annuity Plan or the Pension Plan. For the reasons set forth above, Skidmore's motion for a judgment by default [Doc. 62] is **GRANTED**. Pursuant to Fed. R. Civ. P. 58(a), the Court will set forth a separate document entering judgment in favor of Skidmore against Isaac.

SO ORDERED.

ENTER:

*s/Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE